**Juan GOMEZ, Plaintiff,**

v.

**TRUSTEES OF HARVARD UNIVERSITY, Defendants.**

**Civ. A. No. 87–148.**

United States District Court, District of Columbia.

Dec. 23, 1987.

---

Ernesto Santiago Clarke, Washington, D.C., for plaintiff.

Allan A. Ryan, Office of the General Counsel, Cambridge, Mass., Douglas S. Abel, Covington & Burling, Washington, D.C., for defendants.

## OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it defendants' motion to dismiss plaintiff's claim for breach of an implied covenant of good faith and fair dealing in his employment relation with Harvard University. Also before the Court is defendants' motion for leave to file a motion for partial summary judgment out of time. The Court has carefully considered these motions, the oppositions thereto, the entire record in this case, and the underlying law, and will grant both motions.

## THE COURT WILL GRANT THE MOTION TO DISMISS THE COMPLAINT IN PART, AS DISTRICT OF COLUMBIA LAW DOES NOT RECOGNIZE A CAUSE OF ACTION FOR BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN THIS CONTEXT.

Pursuant to Fed.R.Civ.P. 12(b)(6), defendants have moved to dismiss plaintiff's claim for breach of an implied covenant of good faith and fair dealing in his employment relation with defendants. Plaintiff argues that this motion was filed out of time and cannot be considered by the Court because defendants have not shown that their late filing was due to "excusable neglect." While the Court recognizes that the motion was not timely filed, and that defendants have not justified the untimeliness of their submission, the Court will consider and grant the motion.

In its March 17, 1987, pre-trial Order, the Court set a deadline of July 24, 1987, for

submission of all pre-trial motions. That deadline was set with an eye toward receiving and resolving all motions well in advance of the trial that was scheduled for September 8, 1987. On August 25, 1987, defendants asked the Court to continue the trial date due to the illness of one defendant who would be a principal witness. The Court granted defendants' motion and rescheduled the trial for January 18, 1988. On September 17, 1987, defendants filed the instant motion to dismiss the complaint in part.

From the history of this suit, it is apparent that the motion to dismiss was filed after the original trial date. Given this background, and the obvious fact that defendants have not attempted to abide by the Court's deadlines, the Court is reluctant to use its undoubted equitable power in a manner that benefits the laggardly defendants. But the merits of defendants' motion are so clear that the Court *must* grant it.

■ As an initial point, the Court must note that plaintiff errs by suggesting that the Court is powerless to consider defendants' motion. The deadline for submission of motions was set pursuant to Fed.R. Civ.P. 16, which establishes pre-trial procedure. The purpose of pre-trial procedure is to serve the best interests of justice by eliminating unnecessary proof and issues and weeding out unsupportable claims. *Manbeck v. Ostrowski,* 384 F.2d 970, 975 (D.C.Cir.1967) (*quoting Meadow Gold Prods. Co. v. Wright,* 278 F.2d 867, 869 (D.C.Cir.1960)). And it is clear that the Court has inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice. *See, e.g., Link v. Wabash R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *United States v. Morgan,* 307 U.S. 183, 197, 59 S.Ct. 795, 802, 83 L.Ed. 1211 (1939); *United States v. Burton,* 584 F.2d 485, 489 (D.C.Cir.1978); *Page Communications Eng'rs, Inc. v. Froehlke,* 475 F.2d 994, 996 (D.C.Cir.1973); *see also* Fed.R.Civ.P. 1.

■ It is equally clear that District of Columbia law does not recognize a claim for breach of an implied covenant of good faith and fair dealing when brought by an at-will employee. *See, e.g., Minihan v. American Pharmaceutical Assoc.,* 812 F.2d 726, 729 n. 2 (D.C.Cir.1987); *Smith v. Chamber of Commerce,* 645 F.Supp. 604, 611–12 (D.D.C.1986); *Parker v. National Corp. for Housing Partnerships,* 619 F.Supp. 1061, 1068 (D.D.C.1985); *Ivy v. Army Times Publishing Co.,* 428 A.2d 831, 834–35 (D.C.1981). As the Complaint does not support an inference that plaintiff was other than an employee-at-will, plaintiff cannot sustain his claim that defendants have breached a covenant of good faith and fair dealing implicit in his employment relationship.

■ Thus, it appears that this Count of plaintiff's Complaint is at worst frivolous and at best an attempt to extend District of Columbia law in a direction that both the District of Columbia Court of Appeals and the United States Court of Appeals for the District of Columbia Circuit have refused to take it. If this claim remained in the complaint, the Court would have no choice but to rule against plaintiff on the claim at trial. This Court will not waste any more judicial resources, or counsel's resources, by allowing the parties to proceed as if any judgment in plaintiff's favor were possible on the claim for breach of an implied covenant of good faith and fair dealing. As such, the Court will grant defendant's motion to dismiss this count of the complaint.

## THE COURT WILL PERMIT DEFENDANTS TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT.

Defendants have, again belatedly, moved for leave to file a motion for partial summary judgment. Plaintiff objects to this motion, first on the grounds that defendants have not demonstrated good cause for permitting the late filing and, second, because of alleged problems with the translator used by defendants at the deposition of the plaintiff.

■ While it is quite true that defendants have not demonstrated any excusable neglect, it is equally true that defendants' motion is directed to the sound discretion

of the Court to permit late filing where no prejudice to plaintiff results. Plaintiff has not shown any prejudice by virtue of the summary judgment motion. Moreover, if the Court refused to permit filing of this summary judgment motion, the same facts now available to the defendants would figure in the motion for a directed verdict that defendants would undoubtedly file.

■ Nor will the Court deny leave to file the motion because of any problems with the translation of plaintiff's deposition. This issue goes not to the permissibility of the filing but to the evidence that will be adduced to support the summary judgment motion. If plaintiff objects to use of that deposition, the appropriate time to raise such objections is in the context of the summary judgment motion itself.

### CONCLUSION

The Court is reluctant to allow litigants to escape penalty for failing to abide by the Court's deadlines. But the Court recognizes that the interests of justice may sometimes require a Court to exercise its inherent power to bend deadlines in order to apply the law in the most cost-effective and most intelligent manner. Accordingly, the Court will consider defendants' motions to dismiss plaintiff's claim for breach of an implied covenant of good faith and fair dealing and to file a motion for summary judgment out of time, and the Court will grant both motions in an accompanying Order of even date herewith.

### ORDER

In accordance with the Opinion of even date herewith, and for the reasons set forth therein, it is this 23rd day of December, 1987,

ORDERED that defendants' motion to dismiss plaintiff's claim for breach of an implied covenant of good faith and fair dealing shall be, and hereby is, granted; and it is

FURTHER ORDERED that defendants' motion for leave to file a motion for partial summary judgment shall be, and hereby is, granted.