**John C. KERRIGAN, Appellant,**

v.

**BRITCHES OF GEORGETOWNE, INC., Appellee.**

No. 94–CV–918.

District of Columbia Court of Appeals.

Submitted Jan. 16, 1996.
Decided Sept. 23, 1997.

---

David B. Lamb, Washington, DC, for appellant.

Diana M. Savit, Washington, DC, for appellee.

Before FERREN and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

FERREN, Associate Judge:

Appellant Kerrigan, a former employee of Britches of Georgetowne, Inc. (Britches), brought suit against his former employer asserting causes of action for (1) discrimination, (2) defamation, (3) breach of the covenant of good faith and confidentiality, (4) intentional infliction of emotional distress, and (5) negligence. The trial court granted summary judgment for Britches. Kerrigan contends on appeal that the trial court erred

in granting judgment on the last three of these claims. We affirm.

## I.

In 1992, Britches employed Kerrigan as a district manager. In August 1992, Kimberly Fous, Britches' Director of Human Resources, informed Kerrigan that he was the focus of an internal investigation because of allegations he had sexually harassed a former Britches employee. According to the complaint, although Kerrigan initially had been exonerated, the investigation was reinstituted because of Fous' personal animosity towards him.

During the course of the investigation, Kerrigan received a progress report from Fous which he alleges contained false and inaccurate information, mischaracterized witness interviews, and contained other factual errors. Kerrigan requested the opportunity to confront the witnesses who contributed to the report, but Fous allegedly did not permit him to do so. At the conclusion of the investigation, Britches demoted Kerrigan from district manager to store manager on November 17, 1992, and replaced him in the former capacity with a female employee.

Kerrigan terminated his position with Britches on September 30, 1993, allegedly as result of the attention and ridicule he received as a consequence of Britches' investigation. On November 29, 1993, Kerrigan filed his complaint, which stated causes of action for discrimination, defamation, breach of the covenant of good faith and confidentiality, intentional infliction of emotional distress, and negligence. Britches moved to dismiss on the ground that each count was barred by the applicable statute of limitations.

Treating Britches' motion as a motion for summary judgment, the trial court granted judgment for Britches on all counts. Kerrigan's claims for discrimination and for any defamation occurring on or before November 17, 1992, were held barred by a one-year statute of limitations. Concluding that Kerrigan was an at-will employee, the trial court dismissed his claim for breach of the covenant of fair dealing and confidentiality because it failed to state a sustainable cause of action. Finally, the trial court dismissed Kerrigan's claims for intentional infliction of emotional distress and negligence after concluding that they were intertwined with the other time-barred claims and therefore subject to the same statute of limitations. Kerrigan noted a timely appeal.

## II.

In reviewing a trial court order granting summary judgment, this court conducts an independent review of the record and applies the same standard used by the trial court.[1] *See Sherman v. District of Columbia,* 653 A.2d 866, 869 (D.C.1995); *Griva v. Davison,* 637 A.2d 830, 836 (D.C.1994). A trial court may properly grant summary judgment when, after viewing the facts in the light most favorable to the nonmoving party, the record shows that " 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Nader v. de Toledano,* 408 A.2d 31, 41 (D.C.1979) (quoting Super. Ct. Civ. R. 56(c)). Applying this standard, we conclude that the trial court properly dismissed Kerrigan's claims.

### A.

Kerrigan contends the trial court erred in dismissing his claim for breach of the "covenant of good faith and confidentiality" arising out of Britches' investigation and his demotion.[2] The trial court, finding that Kerrigan

---

1. Because Britches supported its motion to dismiss with affidavits and other documents presenting facts not pled in the complaint, the trial court properly considered the motion as one for summary judgment. *See* Super. Ct. Civ. R. 12(b), 56(b).

2. Kerrigan's complaint alleges a "breach of covenant of good faith and confidentiality." Because we have never recognized such an implied cove-

nant and the cases appellant relies upon refer to an implied covenant of good faith and fair dealing, the more traditional implied covenant which we do recognize, we treat Kerrigan's claim as one for breach of the covenant of good faith and fair dealing. Insofar as Kerrigan now asserts on appeal that the covenant of confidentiality represents a totally separate, express covenant arising out of statements contained in Britches employ-

was an at-will employee, dismissed Kerrigan's claim because, as an at-will employee, "plaintiff is not protected by an implied covenant of good faith and fair dealing." We agree with that ruling because by definition Kerrigan—as an employee at will, not under contract—has no basis for claiming breach of a "covenant" and, further, fails to qualify under one of the limited exceptions to the employment at-will doctrine applied in our jurisdiction.[3]

Before this court announced exceptions to the at-will employment doctrine, judges of the federal district court here opined that "District of Columbia law does not recognize a claim for breach of an implied covenant of good faith and fair dealing when brought by an at-will employee." *Gomez v. Trustees of Harvard Univ.*, 676 F.Supp. 13, 15 (D.D.C. 1987); *accord Hoffman v. Hill & Knowlton, Inc.*, 777 F.Supp. 1003, 1006 n. 3 (D.D.C. 1991). Those decisions undoubtedly were correct; until recently, the law in this jurisdiction was clear that an employer may discharge and, impliedly, demote an at-will employee "at any time and for any reason, or for no reason at all." *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 30 (D.C.1991).

 In *Adams*, this court carved out a narrow exception, based on public policy, that allows an at-will employee to sue the employer for wrongful discharge based on the employee's refusal to break the law at the employer's direction. *See id.* at 30. In *Carl v. Children's Hospital*, 702 A.2d 159 (D.C.1997) (en banc), also decided today, we hold that *Adams* did not announce the *only* exception to the doctrine of employment at will, and acknowledge that employees may bring suit for wrongful discharge where the

employer's conduct violates "public policy". *See id.* at 159–60 (per curiam). Although we were unable to reach agreement on the precise scope of the "public policy" exception in reversing the dismissal of Carl's complaint, none of the judges of the en banc court called for adoption of the implied covenant of good faith and fair dealing. *See id.* at 179–80 (Schwelb, J., concurring); *id.* at 166 (Ferren, J., concurring); *id.* at 161–62 (Terry, J., concurring); *id.* at 186–88 (Mack, J., concurring); *id.* at 196–97 (Steadman, J., dissenting). Because Kerrigan's claim rests on the violation of an implied covenant not recognized in the District of Columbia, and because he does not allege that his termination violated any public policy (however that term is ultimately defined by this court), we affirm the dismissal of this count. *See Lee v. Jones*, 632 A.2d 113, 115 (D.C.1993) (" 'The requisite showing of a genuine issue for trial is predicated upon the existence of a legal theory which remains viable under the asserted version of the facts.' " (quoting *Smith v. Washington Metro. Area Transit Auth.*, 631 A.2d 387, 390 (D.C.1993))).

### B.

Kerrigan next contends that the trial court erred in dismissing his claims for intentional infliction of emotional distress and negligence. The trial court dismissed both claims on the ground that they were intertwined with Kerrigan's time-barred discrimination and defamation claims and, therefore, must similarly be barred as untimely under an applicable one-year statute of limitations. *See Saunders v. Nemati*, 580 A.2d 660, 661 (D.C.1990); *Hanoch Tel–Oren v. Libyan Arab Republic*, 517 F.Supp. 542, 550 (D.D.C. 1981), *aff'd*, 233 U.S.App.D.C. 384, 726 F.2d

ment handbook, we reject that argument as meritless. See *infra* note 3.

3. Appellant argues for the first time on appeal that he was not an at-will employee because an employment contract arose from Britches' employee handbook on sexual harassment investigations. We disagree. The employee handbook expressly states that it is not an employment contract and that "nothing in this Handbook is intended to affect the 'at-will' employment relationship." We have previously determined that although an implied contract may arise from the language of an employee handbook or manual,

see *Washington Welfare Ass'n, Inc. v. Wheeler*, 496 A.2d 613, 615 (D.C.1985), an "employer, however, may effectively disclaim any implied contracts," *Goos v. National Ass'n of Realtors*, 715 F.Supp. 2, 4 (D.D.C.1989); *see also Smith v. Union Labor Life Ins. Co.*, 620 A.2d 265, 268–69 (D.C.1993) (concluding that express disclaimers in handbook defeated claim of implied contract). We note, moreover, that appellant failed to file a counterstatement of disputed material facts or affidavits to counter Britches' affidavits and statement of material facts not in issue claiming Kerrigan was an at-will employee.

774 (1984). Without rejecting the trial court's rationale, we affirm the trial court's ruling for a different reason.

■ As a reviewing court, we are not limited to reviewing the legal adequacy of the grounds the trial court relied on for its ruling; if there is an alternative basis that dictates the same result, a correct judgment must be affirmed on appeal. *See Marinopoliski v. Irish,* 445 A.2d 339, 340 (D.C.1982); *Obelisk Corp. v. Riggs Nat'l Bank,* 668 A.2d 847, 852 (D.C.1995). We conclude that Kerrigan failed to establish a "genuine issue for trial" because his claims were not "predicated upon the existence of a legal theory which remain[ed] viable under the asserted version of the facts." *Nader,* 408 A.2d at 48 (internal quotation marks omitted).

■ In a claim for intentional infliction of emotional distress, a defendant will be liable only if he or she engages in (1) "extreme or outrageous conduct" which (2) "intentionally or recklessly" causes (3) "severe emotional distress to another." *Bernstein v. Fernandez,* 649 A.2d 1064, 1075 (D.C.1991) (internal quotation marks omitted). To establish the required degree of "outrageousness," the plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

■ In the employment context, we traditionally have been demanding in the proof required to support an intentional infliction of emotional distress claim. *See, e.g., King v. Kidd,* 640 A.2d 656, 670–74 (D.C.1993) (finding conduct not extreme and outrageous when supervisor failed repeatedly to respond to employee's sexual harassment complaints, although noting that other retaliatory conduct was sufficient to send case to jury); *Adams,* 597 A.2d at 35 (concluding that under particular circumstances, it was not extreme and outrageous to dismiss employee for refusing to disobey law by driving truck without proper inspection sticker); *Waldon v. Covington,* 415 A.2d 1070, 1077–78 (D.C. 1980) (finding conduct not outrageous when

employer refused to give employee-professor keys to laboratory and notice of departmental meetings, threatened to begin actions to test competency with aim to terminate, and assigned employee classes outside specialty knowing it would cause difficulty and embarrassment); *Hoffman v. Hill & Knowlton, Inc.,* 777 F.Supp. 1003, 1005 (D.D.C.1991) (finding conduct not outrageous when employer intentionally interfered with employee's ability to do job, stated false, pretextual reasons for dismissing an employee knowing it would be communicated to others, and dismissed employee); *see also Elliott v. Healthcare Corp.,* 629 A.2d 6 (D.C.1993); *Smith v. Union Labor Life Ins. Co.,* 620 A.2d 265 (D.C.1993).

In his complaint, Kerrigan alleges that Britches targeted him for a sexual harassment investigation, manufactured evidence against him in order to establish a false claim of sexual harassment, leaked information from the investigation to other employees, and unjustifiably demoted him to the position of store manager in order to promote a woman to his position. This conduct, even construed as true, was of the type attributable to "employer-employee conflicts [that] do not, as a matter of law, rise to the level of outrageous conduct." *Howard Univ. v. Best,* 484 A.2d 958, 986 (D.C.1984). Kerrigan's intentional infliction of emotional distress claim, therefore, also failed as a matter of law.

### C.

■ Nor can we conclude that Kerrigan supplied sufficient facts to survive a summary judgment motion on his negligence claim. Such a claim requires proof of a duty of care, breach of that duty, and injury proximately caused by that breach. *See Haynesworth v. D.H. Stevens Co.,* 645 A.2d 1095, 1098 (D.C.1994); *Powell v. District of Columbia,* 634 A.2d 403, 406 (D.C.1993). Consequently, a person is "liable to another only when he [or she] owes him [or her] some duty of care." *Lipnick v. United States,* 717 F.Supp. 902, 904 (D.D.C.1989); *accord Williams v. Baker,* 572 A.2d 1062, 1064 (D.C. 1990) (en banc). It is therefore "critical to determine whether a duty was owed by the

alleged tortfeasor to the person claiming injury." *Haynesworth,* 645 A.2d at 1098.

Kerrigan proffers nothing in his complaint demonstrating that Britches owed Kerrigan a duty of care that was violated during the course of its investigation. Rather, Kerrigan states in a conclusory fashion that Britches owed a duty to "conduct a fair, impartial and unbiased investigation." "Conclusory allegations by the non-moving party are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment." *Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195, 198 (D.C.1991); *accord Spellman v. American Sec. Bank, N.A.,* 504 A.2d 1119, 1123–24 (D.C.1986). The failure to establish the existence of a common law duty of care owed by Britches to Kerrigan for investigation of a sexual harassment claim is fatal to his negligence claim.

*Affirmed.*