**Grey M. RODRIGUEZ, Petitioner,**

v.

**FILENE'S BASEMENT INCORPORATED, Respondent.**

No. 05–AA–37.

District of Columbia Court of Appeals.

Submitted April 19, 2006.

Decided July 27, 2006.

Grey M. Rodriguez filed a brief pro se.

Before FISHER, Associate Judge, and NEBEKER and SCHWELB,* Senior Judges.

* Judge Schwelb was an Associate Judge at the time this case was submitted. His status

FISHER, Associate Judge:

Petitioner Grey M. Rodriguez ("Ms. Rodriguez") asks this court to reverse a decision of an Administrative Law Judge ("ALJ") of the District of Columbia Office of Administrative Hearings ("OAH") which held that she was terminated from her employment at Filene's Basement Incorporated ("Filene's") for "misconduct." As a result of this finding, Ms. Rodriguez was ineligible to receive unemployment benefits for the first eight weeks in which those benefits were otherwise payable to her. We affirm.

### I.

On November 10, 2004, a claims examiner made an initial determination that Ms. Rodriguez was eligible to receive unemployment compensation because she had not been discharged from Filene's for "misconduct" as defined in title 7 of the District of Columbia Municipal Regulations ("DCMR") § 312.5 (2004).[1] The former employer bore the burden of proof on that issue. The examiner attempted to contact Filene's by telephone to obtain additional information, but, when those efforts proved unsuccessful, concluded that the available information did not establish misconduct.[2]

Filene's appealed that determination to the OAH by filing a timely "request for a hearing." *See* 1 DCMR § 2805.8 (2004). By doing so, Filene's invoked its right to "a formal examination by [OAH] of issues of law and fact between parties, which may involve the offering of sworn testimony or documentary or photographic evidence." 1 DCMR § 2899 (2004) (definition of "trial" or "hearing" before OAH). The District of Columbia Administrative Procedure Act provides that, at such a hearing, "[e]very party shall have the right to present in person or by counsel his case or defense by oral and documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts." D.C.Code § 2–509(b) (2001).

Before OAH was created, we described this administrative review of unemployment compensation claims as a "hearing de novo." *Freeman v. District of Columbia Dep't of Employment Servs.*, 575 A.2d 1200, 1202 (D.C.1990). Although the structure for conducting administrative appeals has changed since we decided *Freeman,* see note 4, *infra,* this description of the hearing as "de novo" remains apt. *Cf. Ward v. Indus. Comm'n,* 699 P.2d 960, 968 (Colo.1985) ("an administrative appeal in

---

changed to Senior Judge on June 24, 2006.

1. 7 DCMR § 312.5 provides: "For purposes of § 10(b)(2) of the Act, the term 'other than gross misconduct' shall mean an act or omission by an employee which constitutes a breach of the employee's duties or obligations to the employer, a breach of the employment agreement or contract, or which adversely affects a material employer interest. The term 'other than gross misconduct' shall include those acts where the severity, degree, or other mitigating circumstances do not support a finding of gross misconduct."

2. The claims examiner did not describe what information had been provided or explain why he or she had been unable to obtain

additional information from Filene's. 7 DCMR § 304.10 (2004) provides that an employer who fails to furnish either a notice or Separation Report "that the employee was separated under conditions which may subject him or her to disqualification for benefits ... shall be presumed to have admitted that the employee is not subject to disqualification...." The claims examiner did not invoke this provision. In any event, a failure to furnish the necessary information would not constitute a waiver or forfeiture of the employer's position. 7 DCMR § 304.11 (2004) provides that "[a]ny employer who is adversely affected by the provisions of § 304.10 shall have the right to appeal the determination."

an unemployment compensation case is, in effect, a trial *de novo*"; describing an administrative review process similar to that employed in the District of Columbia). Although OAH was, of course, aware of the determination made by the claims examiner, *see* 1 DCMR § 2805.8 (2004) (requiring that parties "file a copy of the claims examiner's decision" with OAH), it properly did not accord that determination any deference. *See Newport News Shipbuilding & Dry Dock Co. v. Dr. Sidney S. Loxley, et al.*, 934 F.2d 511, 517 (4th Cir.1991) (describing a workers' compensation program; according "a presumption of correctness to the Deputy Commissioner's ruling [would be] antithetical to the concept of a *de novo* hearing").

Filene's argued to OAH that Ms. Rodriguez had not only committed "misconduct" but was actually guilty of "gross misconduct" within the meaning of 7 DCMR § 312.4 (2004),[3] and was therefore ineligible to receive any unemployment benefits. At the December 22, 2004, evidentiary hearing before the ALJ, Filene's bore the burden of proof. 1 DCMR § 2820.3 (2004); 7 DCMR § 312.2 (2004). It introduced numerous evidentiary exhibits and presented the testimony of employees Carol Marshall and Jonathan Carter to establish that between March 4, 2004, and September 27, 2004, Ms. Rodriguez had received three written Records of Progressive Counseling stemming from customer complaints about her. The ALJ concluded that this evidence was not suffi-

cient to find that Ms. Rodriguez had committed "gross misconduct." However, the three documented instances of Ms. Rodriguez's "rude and disrespectful conduct toward [Filene's] customers during a seven-month period ... clearly are acts that adversely affect a material employer interest, *i.e.*, good customer relations." *Final Order* at 5–6. Thus, the ALJ found sufficient evidence to support a determination that Ms. Rodriguez was terminated for misconduct "other than gross misconduct." *See* 7 DCMR § 312.5, quoted in footnote 1, above.

Ms. Rodriguez did not attend the hearing before OAH. The next day she apologized for her absence in writing, explaining that she had been sick. So far as the record discloses, she had not requested a postponement of the hearing, nor did she seek to reopen it. Although she later submitted a Statement in Defense with four attachments, that document was not submitted to OAH, but rather to this court *after* OAH had issued its Final Order.

## II.

▌ This court must affirm an OAH decision when (1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) OAH's conclusions flow rationally from its findings of fact. *See Giles v. District of Columbia Dep't of Employment Servs.*, 758 A.2d 522, 524 (D.C.

---

**3.** "Gross misconduct may include, but is not limited to the following:
 a. Sabotage;
 b. Unprovoked assault or threats;
 c. Arson;
 d. Theft or attempted theft;
 e. Dishonesty;
 f. Insubordination;
 g. Repeated disregard of reasonable orders;

 h. Intoxication, the use of or impairment by an alcoholic beverage, controlled substance, or other intoxicant;
 I. Use or possession of a controlled substance;
 j. Willful destruction of property;
 k. Repeated absence or tardiness following warning."

2000);[4] *Perkins v. District of Columbia Dep't of Employment Servs.*, 482 A.2d 401, 402 (D.C.1984). We defer to OAH findings of fact so long as they are supported by substantial evidence. *See Cooper v. District of Columbia Dep't of Employment Servs.*, 588 A.2d 1172, 1174 (D.C.1991); D.C.Code § 2–510(a)(3)(E) (2001). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gardner v. District of Columbia Dep't of Employment Servs.*, 736 A.2d 1012, 1015 (D.C. 1999) (citations omitted). OAH's legal conclusions must be sustained unless they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C.Code § 2–510(a)(3)(A) (2001).

 The ALJ's determination of "misconduct" is supported by substantial evidence, which is summarized in his Final Order. Based upon his findings, the ALJ concluded that Ms. Rodriguez's actions constituted "misconduct, other than gross misconduct" within the meaning of 7 DCMR § 312.5. This is a reasonable application of § 312.5 and certainly not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C.Code § 2–510(a)(3)(A). Based upon this legal conclusion, the ALJ then found that pursuant to D.C.Code § 51–110(b)(2), Ms. Rodriguez was precluded from receiving unemployment benefits for the first eight weeks of her eligibility. We find no grounds to overturn this determination.

 Ms. Rodriguez attaches to her petition several very favorable comment forms submitted by customers she assisted during her employment at Filene's. We cannot consider these forms because they were not presented to the agency. *See Mack v. District of Columbia Dep't of Employment Servs.*, 651 A.2d 804, 806 (D.C.1994). It is regrettable that OAH never heard her side of the story, but she has not argued, and we doubt she could establish, that OAH committed reversible error by failing to postpone the hearing on its own motion or by failing to reopen it in the absence of a request from petitioner.

Accordingly, the decision of the OAH is

*Affirmed.*

---

4. Although the Council of the District of Columbia modified the administrative appeal process when it enacted the "Office of Administrative Hearings Establishment Act of 2001," D.C.Code § 2–1831.01 *et seq.*, and OAH now performs the administrative review formerly conducted within the Department of Employment Services, our standard of review remains the same. The Act establishing OAH, *see* D.C.Code § 2–1831.16(g), directs us to "apply the standards of review prescribed in [D.C.Code] § 2–510," a part of the District of Columbia Administrative Procedure Act. Those are the same standards we applied before OAH was created.