Rhonda J. HEGWOOD, Petitioner,

v.

CHINATOWN CVS, INC., Respondent.[1]

No. 07–AA–577.

District of Columbia Court of Appeals.

Submitted May 28, 2008.

Decided July 17, 2008.

---

1. No brief was filed on behalf of respondent.

Bennett S. Lerner, Cambridge, MA and Carmen L. Christopher, Washington, DC, were on the brief, for petitioner.

Before WASHINGTON, Chief Judge, GLICKMAN, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Rhonda J. Hegwood, the petitioner, challenges the decision of the Office of Administrative Hearings ("OAH") affirming the determination of a Department of Employment Services ("DOES") Claims Examiner that she was ineligible for employment benefits because she was discharged for misconduct. For the reasons discussed, we reverse the decision declaring ineligibility and remand the case for further consideration.

Between October 2003 and January 2007, Hegwood was an employee of the CVS Pharmacy in the Chinatown area of Washington, D.C. She initially worked as a cashier, was subsequently promoted to head cashier (a management position), and later became a supervisor. As a CVS employee, Hegwood was given a card that entitled her to a discount on purchases she made from CVS. In January 2007, Dennis Douress, a CVS Regional Loss Prevention Manager, determined that Hegwood's employee discount card had been used in connection with two transactions at the Chinatown store in which payment was made with checks which were not honored. Douress interviewed Hegwood as part of his investigation into the transactions involving the checks. In the course of the interview, Hegwood informed Douress that she had allowed her cousin to use her discount card when the cousin purchased items, some of which were intended for her own use. CVS restricts the use of the employee discount cards to employees and immediate family members of employees. As a consequence, Hegwood was suspended, and later terminated from her job by CVS.

**I.**

A DOES Claims Examiner determined that Hegwood was ineligible for unemployment benefits as she had been discharged for violating company policy. Although the OAH affirmed the Claims Examiner's determination, it found that the record evidence was insufficient to support a determination that Hegwood was terminated for violating her employer's rules. Instead, OAH found that CVS established that it terminated Hegwood for behavior that amounted to gross misconduct. Hegwood's motion for reconsideration of the OAH judgment was denied. She then filed the instant appeal.

**II.**

On appeal, Hegwood contends that the OAH impermissibly found that her behavior constituted gross misconduct when the stated reason for her termination was a

violation of company rules that, according to the OAH decision, CVS did not prove.

■■■■ This court must affirm the decision of the Office of Administrative Hearings when " '(1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) OAH's conclusions flow rationally from its findings of fact.' " *District of Columbia Dep't of Employment Servs. v. Vilche,* 934 A.2d 356, 360 (D.C.2007) (quoting *Rodriguez v. Filene's Basement, Inc.,* 905 A.2d 177, 180 (D.C.2006)). "We defer to agency findings of fact so long as they are supported by substantial evidence." *Giles v. District of Columbia Dep't of Employment Servs.,* 758 A.2d 522, 524 (D.C. 2000). Substantial evidence means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Canlas v. District of Columbia Dep't of Employment Servs.,* 723 A.2d 1210, 1211 (D.C.1999) (internal citation omitted).

■■■■ Under the District of Columbia's unemployment compensation statute, "[e]mployees who have been discharged for misconduct are ineligible for immediate benefits." *Washington Times v. District of Columbia Dep't of Employment Servs.,* 724 A.2d 1212, 1217 (D.C.1999). *See also* D.C.Code § 51–110(b) (2001). Misconduct can either be simple or gross. *See Chase v. District of Columbia Dep't of Employment Servs.,* 804 A.2d 1119, 1121 (D.C. 2002). The applicable regulations define the employee behavior that constitutes gross misconduct and the definition includes acts that "deliberately or willfully violates the employer's rules" or that "disregard[ ] standards of behavior which an employer has a right to expect of its employees." 7 DCMR § 312.3 (2008). In addition, OAH "must determine whether the particular reason given by the employer was in fact the basis of the employer's

decision to fire the employee." *Smithsonian Inst. v. District of Columbia Dep't of Employment Servs.,* 514 A.2d 1191, 1194 (D.C.1986).

Here, OAH initially found that "[t]he evidence of record is not sufficient to support a determination that Appellant's discharge from employment was the result of a rule violation as defined in the regulations." To affirm a denial of unemployment compensation when an employee has been discharged for violating an employer's rule, the OAH must find "(a) That the existence of the employer's rule was well known to the employee; (b) That the employer's rule is reasonable; and (c) That the rule is consistently enforced by the employer." 7 DCMR § 312.7 (2008). In this case, OAH found that CVS failed to establish that the rules contained in its Employee Handbook and Code of Conduct are consistently enforced as 7 DCMR § 312.7(c) requires. Nonetheless, OAH affirmed the Claims Examiner's decision based on its finding that the employer "establish[ed] that Appellant was discharged for an act which 'disregards standards of behavior which an employer has a right to expect of its employee' " (quoting 7 DCMR § 312.3). OAH did not credit Hegwood's testimony that she was unaware her cousin was too distant a relative to qualify to use the discount card and it reasoned that Hegwood, as a supervisory employee, should have known to ask her superiors if she "had any questions concerning the integrity of [her] actions while at work."

■■■■ To affirm an OAH decision, we must determine that its findings are supported by substantial evidence in the record. *See, e.g., Washington Times, supra,* 724 A.2d at 1216. Furthermore, under *Smithsonian,* OAH's "finding of misconduct must be based fundamentally on the

reasons specified by the employer for the discharge." 514 A.2d at 1194.

We do not find a written notice in the record from CVS informing Hegwood of the reasons for her termination. However, the evidence indicates that CVS terminated Hegwood because she allowed her cousin to use her employee discount card. Both parties agreed with the ALJ's statement that "the reason they discharged you is because they thought you were using ... this discount card, inappropriately to give your cousin discounts[.]" Hegwood also testified that she was told the reason for her termination was "improper use of the courtesy card." In addition, appellant testified that she was never given an alternative explanation for her termination, verbally or in writing.

We reiterate that OAH concluded that the employer's evidence was insufficient to warrant a denial of eligibility for benefits on the basis of a violation of company rules. However, petitioner's testimony regarding the use of her discount card was deemed to be not credible. OAH thus concluded petitioner's underlying behavior constituted gross misconduct rendering her ineligible for unemployment benefits. While we appreciate that "gross misconduct" and "misconduct" are defined generally in the District's regulations, supra, this case presents a narrower question: in addition to the regulations, whether there is evidence reflecting the employer's rules relating to employee conduct, which supports a finding that petitioner's behavior amounts to gross misconduct. In reviewing the record, we find the evidence is scant as to the employer's written requirements pertaining to employee behavior. Indeed a witness for the employer testified that there is no definition of "immediate family" in the Code of Conduct bearing on the use of the discount card. Given this state of the evidence, we can not conclude

there was substantial evidence that petitioner violated the employer's rules in a manner that amounts to gross misconduct. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*So ordered.*