*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-AA-1895

THOMAS K. STEPHENSON, PETITIONER,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF PUBLIC WORKS, RESPONDENT.

On Petition for Review from an
Order of the Office of Administrative Hearings
(DPWK-505545-12)

(Submitted June 12, 2014                    Decided November 6, 2014)

Thomas K. Stephenson, *pro se*.

*Irvin B. Nathan*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, *Loren L. AliKhan*, Deputy Solicitor General, and *Gregory M. Cumming*, Assistant Attorney General, were on the brief for respondent.

Before BECKWITH and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

BECKWITH, *Associate Judge*: The District of Columbia Department of Public Works (DPW) issued petitioner Thomas K. Stephenson a Notice of Violation (NOV) for violating 21 DCMR § 700.3 (1995), which requires that "all solid wastes shall be stored and containerized for collection in a manner that will not provide food, harborage, or breeding places for insects or rodents, or create a

nuisance or fire hazard." After Mr. Stephenson failed to respond during the required period, an administrative law judge (ALJ) from the Office of Administrative Hearings (OAH) found Mr. Stephenson liable for the charge contained in the NOV and imposed an additional penalty for being in default. The ALJ denied Mr. Stephenson's motion for reconsideration, finding that Mr. Stephenson had failed to make out any of the grounds for reconsideration provided in 1 DCMR § 2828.5 (2011). In particular, the ALJ applied 1 DCMR § 2828.5 (b), pursuant to which reconsideration can be granted only where the party that "did not file a required answer to a Notice of Violation . . . has a good reason for not doing so, and states an adequate claim or defense." We reverse and remand for a hearing.

## I.

On February 28, 2012, a DPW inspector observed improper storage of solid waste and signs of a rat infestation on Mr. Stephenson's property. On April 12, 2012, the government mailed an NOV to Mr. Stephenson by first class mail, return receipt requested. The letter was returned as undeliverable. Following the return of the certified mailing, the DPW posted the NOV on the front door of Mr. Stephenson's property, providing him with an additional fourteen days in which to respond. Mr. Stephenson again failed to respond to the NOV. On September 12,

2012, the ALJ issued his final order, which held Mr. Stephenson liable for the violation. The order imposed a fine of $1,000, and added an additional fine of $1,000 for the failure to respond. *See* D.C. Code § 8-807 (c)(1) (2001) (authorizing OAH to impose a "penalty equal to the amount of the civil fine" for the failure to respond to an NOV). This time Mr. Stephenson responded, writing a letter dated September 21, 2012, which the ALJ construed as a motion for reconsideration under 1 DCMR § 2828.5.

Mr. Stephenson's letter advanced three main arguments. First, Mr. Stephenson claimed that he was not responsible for the violation because the trash had been illegally dumped on his property, without his knowledge or consent, in June of 2011. Second, Mr. Stephenson claimed that Investigator Anita Chavis of the Environmental Crimes Division had visited his property and instructed him not to remove the trash until the Environmental Crimes Division had completed its investigation. Third, Mr. Stephenson claimed he did not have notice of the NOV until he received the final order. Mr. Stephenson claimed not to have known about the certified mailing and, while he acknowledged that a tenant had told him about some papers posted on his apartment door, said he was unable to locate the documents.

## II.

This court reviews OAH decisions to determine if they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C. Code § 2-510 (a)(3)(A) (2001). The court "must affirm an OAH decision when (1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) OAH's conclusions flow rationally from its findings of fact." *District of Columbia Dep't of Emp't Servs v. Vilche*, 934 A.2d 356, 360 (D.C. 2007) (quoting *Rodriguez v. Filene's Basement Inc.*, 905 A.2d 177, 180 (D.C. 2006)).

## III.

In denying Mr. Stephenson's motion for reconsideration, the ALJ explained that "[m]otions for reconsideration are granted only if the moving party demonstrates the existence of one of the reasons enumerated in OAH Rules 2828.5."[1] The ALJ then applied the two-part test from 1 DCMR § 2828.5 (b),

---

[1] The reasons are: "(a) The party filing the motion did not attend the hearing, has a good reason for not doing so, and states an adequate claim or defense; (b) The party filing the motion did not file a required answer to a Notice of Infraction, or Notice of Violation or did not file some other required document, has a good reason for not doing so, and states an adequate claim or defense; (c) The final order contains an error of law; (d) The final order's findings of fact are not supported by the evidence; or (e) New evidence has been discovered that previously was not reasonably available to the party filing the motion." 1 DCMR § 2828.5.

which requires that the party that did not file a required answer to a Notice of Violation 1) "has a good reason for not doing so," and 2) "states an adequate claim or defense." The ALJ apparently viewed as an "adequate claim or defense" some combination of Mr. Stephenson's claims that the trash was dumped on his property by an unidentified third party and that Mr. Stephenson was responding to an investigator's instructions not to remove the trash pending an investigation. The ALJ wrote that "Respondent provides a defense to the violation, but this defense should have been offered before the deadline for providing a response to the Notice," adding that "Respondent's explanation about instructions from a Government official could have been a defense if he would have offered it before the passing of the deadline." The ALJ found that Mr. Stephenson did not make out a good reason for failing to answer the NOV, concluding that "[a]lthough Respondent acted after receiving the Final Order, Respondent's unexplained failure to act after receiving the Notice outweighs any later action."

Mr. Stephenson's failure to act is only "unexplained," however, because his motion for reconsideration—which included an explicit request for a hearing at which to present his case—was denied. Pet'r's Mot. Recons. 1 ("I only became aware of the NOV when I received the Final Order. In lieu of the above circumstances, I humbly ask the court . . . [to] schedule[] a hearing which will allow me the opportunity to present my case with witness to address the NOV

charges issued by the DPW."). If Mr. Stephenson's contentions are true and he really did not learn about the NOV despite the government's having served the notice in two different ways,[2] then he did not know about the violation—a circumstance that other ALJs have found to constitute good cause for failing to respond. *See, e.g., District of Columbia Dep't of Consumer and Regulatory Affairs v. Preccious M. Williams*, 2011-DCRA-S702347, 2011 WL 6122408 at \*2 ("Because the evidence demonstrates that Ms. Williams did not learn of the Notice of Infraction until July 22, 2011, she has established that she had a good reason for failing to file an answer . . . pursuant to OAH Rule 2828.5.").

Mr. Stephenson's failure to act after receiving the NOV is not so much "unexplained" as "uncredited." The government acknowledges this in its brief: "OAH found, however, that DPW had adequately provided him with notice of the NOV through conspicuous posting, satisfying its obligation under D.C. Code § 8-803 (c)(2), *and it did not credit* Mr. Stephenson's explanation that he was unable to find the posted NOV." (Emphasis added). While the government explains at length why service was proper and comported with due process whether or not Mr. Stephenson actually received the notice, that is not the precise issue here. The issue is whether the OAH abused its discretion in failing to set aside the default

---

[2] The adequacy of the service is not in doubt here.

judgment and schedule a hearing to consider the merits of Mr. Stephenson's position. We conclude that it did.

In the somewhat analogous context in which this court reviews denials of motions to set aside default judgments of the Superior Court, our case law recognizes the "'strong judicial policy' favoring the decision of cases on their merits rather than by default." *Carrasco v. Thomas D. Walsh, Inc.*, 988 A.2d 471, 474 (D.C. 2010). That logic might apply with less force here, where OAH is given deference as an administrative agency and, pursuant to D.C. Code § 8-804 (f) (2001) and 1 DCMR § 2805.5, expressly authorized to find a party in default for failing to respond to an NOV under these circumstances. The contention that "I didn't receive the letter" will not always be grounds for setting aside a default judgment under 1 DCMR § 2828.5. Here, however, where the ALJ found that Mr. Stephenson "provide[d] a defense to the violation, but this defense should have been offered before the deadline," and where Mr. Stephenson has come forward to make his case in a timely motion for reconsideration, the circumstances warrant a hearing to test the credibility of Mr. Stephenson's claim.

For the foregoing reasons, the judgment of the Office of Administrative Hearings is reversed, and the case is remanded for additional proceedings consistent with this opinion.

*So ordered.*