*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-AA-0543

4022 GEORGIA AVENUE, LLC, PETITIONER,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF BUILDINGS, RESPONDENT.

On Petition for Review
of a Decision of the Office of Administrative Hearings
(2021-DCRA-000091)

(Argued May 15, 2025                    Decided July 17, 2025)

*Mark D. Crawford*, with whom *Thomas J. Powell* was on the brief, for the petitioner.

*Tessa Gellerson*, Assistant Attorney General, with whom *Brian L. Schwalb*, Attorney General for the District of Columbia, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, and *Graham E. Phillips*, Deputy Solicitor General, were on the brief, for respondent.

Before BLACKBURNE-RIGSBY, *Chief Judge*, SHANKER, *Associate Judge*, and CROWELL,[*] *Associate Judge, Superior Court of the District of Columbia.*

BLACKBURNE-RIGSBY, *Chief Judge*: In this appeal we are asked to determine whether petitioner 4022 Georgia Avenue, LLC's (4022 LLC) administrative appeal of an order to correct issued by the Department of Consumer and Regulatory Affairs

---

* Sitting by designation pursuant to D.C. Code § 11-707(a).

(DCRA)[1] met the criteria for appeals brought under 12-A D.C.M.R. § 112.2. To resolve this question, we must determine whether an agency may order an entity to cure code violations on a property that it does not own. We are also called upon to assess whether the Office of Administrative Hearings (OAH) committed reversible error by relying on inapplicable regulations in the order giving rise to this appeal. The final issue before us is whether OAH erroneously found that 4022 LLC was responsible for the violations at issue in the order to correct.

4022 LLC acquired ownership of a townhouse containing two units located at 4022 Georgia Avenue NW in Washington, D.C. (the Property) on April 3, 2018. In 2020, 4022 LLC sold both units of the Property. Then, in June 2021, the new owners of the Property notified 4022 LLC that the townhouse experienced "significant swaying" during wind gusts. This led to an inspection of the Property by DCRA in July 2021. Thereafter, on December 2, 2021, DCRA issued an order to correct to 4022 LLC (the December OTC) in which it directed the LLC to mitigate various violations of the District's Building Code.[2]

---

[1] Under the Department of Buildings Establishment Act of 2020, D.C. Code §§ 10-561.01-08, the Department of Buildings assumed certain responsibilities previously held by DCRA on October 1, 2022.

[2] In May 2020, the District adopted an updated building code called the 2017 Construction Codes. *See* 67 D.C. Reg. 5690 (May 29, 2020 – Part 2). The Building Code is contained within the wider 2017 Construction Codes. The 2017

4022 LLC appealed the December OTC on December 16, 2021. After a period of inactivity in the case, OAH held a hearing on April 9, 2024 (the Evidentiary Hearing). In May 2024, OAH issued an order affirming the December OTC (the Final Order). In the Final Order, OAH found that the issues raised in 4022 LLC's appeal did not meet the criteria for appeals allowed under relevant regulations. 4022 LLC timely appealed the Final Order.

We hold that OAH did not err when it found that the challenges in 4022 LLC's appeal failed to meet the criteria for appeals set forth in the applicable regulations. We further hold that OAH's reliance on the Property Maintenance Code does not constitute reversible error. Finally, we hold that OAH did not err when it found that 4022 LLC was the entity responsible for correcting the violations identified in the December OTC. Accordingly, we affirm OAH's order.

## I.      Factual and Procedural Background

The following facts were adduced from the record in this case.

Sometime prior to April 2018, DV Investment Group (DVI) purchased the Property to convert the existing building into a multi-unit condominium. During the conversion process, 4022 LLC purchased the Property, which was ultimately deeded

Construction Codes were the pertinent regulations in effect at the time DCRA began the administrative process that led to this appeal.

to the LLC in April 2018.  Thereafter, 4022 LLC completed construction, and the Property passed the District's final inspections.  4022 LLC sold one of the Property's units to Nikola and Darinka Komljenovic in February 2020 before selling the second unit to Swati Sachdeva and Kushan Dave (collectively the Owners) in November 2020.  In the purchase agreements for both units, 4022 LLC warranted against structural defects as defined by Section 42-1903.16 of the Condominium Act "for two years after the date of conveyance . . . and[, for] each of the common elements[,] for two years after the date of conveyance of the first unit in the Condominium or completion of that common element (whichever is later)."  *See* D.C. Code § 42-1903.16(b).

In June 2021, the Owners notified 4022 LLC that the Property experienced "significant swaying" during wind gusts.  One owner reported that the swaying "feels like there is an earthquake," with "plants and light[s] mov[ing] and sway[ing]" and dishes falling from opened cabinets.  Another said that during high wind events, "it feels like the building will come down like a pancake."

In July 2021, DCRA conducted an inspection of the Property.  Shortly thereafter, on August 4, 2021, DCRA issued an order to correct to Mr. Dave—the head of the Property's homeowners' association—citing several violations and directing the Owners to obtain a structural assessment of the Property.  The Owners

engaged Bramel Engineering to conduct the structural assessment. After reviewing the permitted building drawings and physically investigating the Property, Bramel Engineering issued a report (the Bramel report) concluding that the building lacked a lateral load system, which resulted in increased lateral flexibility, i.e. building sway.

Soon thereafter, the Owners sent 4022 LLC a demand letter for recission of the sale, citing the conclusions of the Bramel report. The Owners also submitted a copy of the Bramel report to DCRA. Then, on December 2, 2021, DCRA issued the December OTC to DVI and 4022 LLC "as the original permit holders and developers of this project." DCRA ordered DVI and 4022 LLC to (1) provide DCRA with (a) "a viable engineered plan for the purposes of constructing *permanent* structural modifications to make [the Property] safe and compliant" within ten business days; (b) "a viable engineered plan for the purpose of constructing *temporary* structural bracing to make the structure safe and compliant" within ten business days; and (c) "a construction timeline" and "evidence of financial responsibility" concerning review and approval of the proposed permanent modifications within twenty business days; and (2) perform (a) "the construction necessary for permanent structural changes" in accordance with the proposed construction timeline; and (b) "the required construction [necessary] for temporary structural bracing" within twenty business days. 4022 LLC appealed the December OTC. In its notice of

appeal, 4022 LLC "dispute[d] the findings in [the Bramel report]," "dispute[d] the factual basis underlying [the Bramel report] and the conclusions set fort[h]" therein and disputed that the Bramel report "support[ed]" the December OTC.

After filing its appeal, 4022 LLC made efforts to secure design approval for a proposed supplemental lateral support project to be installed at the Property. In January 2022, DCRA advised 4022 LLC that the proposed plan was approved "on the condition that [4022 LLC] immediately complete the process of Special Inspection after [a] permit is issued but before [the] start of construction." The next day, 4022 LLC contacted the Owners to request authorization to apply for the necessary permits. The Owners indicated openness to authorizing 4022 LLC to apply for the permits, but they withheld authorization and requested "more detail" around the proposed project, specifically expressing concerns that the installation would be "highly invasive" and require "a 70%-80% teardown of the building." The Owners also asserted that the warranty under which 4022 LLC purported to be acting was not limited to structural defects, as it also covered "code violations" and "construction defects." Pursuant to that understanding, the Owners requested that 4022 LLC describe its plans to address the Property's sixty-eight structural and code violations.

Following additional negotiations, in May 2022, the Owners granted 4022 LLC and DVI "the authority to pull the approved permit and commence installation." Before work could commence, the engineer who prepared the proposal passed away and, because the proposal could not be supervised by its creator, 4022 LLC was required to begin the process anew. *See* 12-A D.C.M.R. § 106.4.2 (requiring licensed engineer to prepare and supervise permit applications).

In January 2023, the Department of Buildings (DOB) contacted 4022 LLC to advise that the agency was preparing to bring a civil action for failure to comply with the December OTC. Not long afterwards, the Office of Attorney General (OAG) notified 4022 LLC that it would seek injunctive relief to enforce the December OTC. 4022 LLC moved for summary adjudication of its appeal, which OAH denied, reasoning that there was a material dispute as to whether the Owners were "preventing 4022 LLC's compliance with [the December OTC]."

In October 2023, 4022 LLC filed for Chapter 7 bankruptcy before the United States Bankruptcy Court. After filing for bankruptcy, 4022 LLC moved to stay the proceeding before OAH. OAH denied the motion, concluding that the case fell within the government police or regulatory exception to an automatic stay.

OAH held the Evidentiary Hearing on April 9, 2024. On May 14, 2024, OAH affirmed the December OTC in a final order (the Final Order). Therein, OAH noted

that 4022 LLC raised the following two challenges to the validity of the December OTC: (1) "because [the Owners] are necessary to getting the building permits required to make the changes in the OTC, . . . DOB erred in not naming them as a party"; and (2) "because [the Owners] will not allow 4022 LLC to secure the required building permits, the OTC should be dismissed for failing to state a claim for which relief can be granted." OAH observed that it was only empowered to hear appeals concerning "whether the true intent of the code ha[d] been incorrectly interpreted or applied, that the provisions of the code d[id] not fully apply, or [that] the requirements of th[e] code [were] adequately satisfied by other means."[3] OAH concluded that it could not resolve either of 4022 LLC's challenges because they did not meet the criteria for appeals brought under the applicable regulations. OAH also found that 4022 LLC had conceded it was "responsible for making the repairs pursuant to the DC Condo Act." 4022 LLC filed a timely appeal.

---

[3] In this description of the scope of the appeal, OAH erroneously quoted the District's Property Maintenance Code rather than the Building Code. *See* 12-G D.C.M.R. § 107.8 (2008) (describing grounds for administrative appeals). As discussed below, this was not reversible error.

## II. Discussion

### A. Criteria for Appeals Under 12-A D.C.M.R. § 112.2

We first assess whether OAH erred when it found that the challenges in 4022 LLC's appeal failed to meet the criteria for administrative appeals allowed by applicable regulations. We hold that OAH did not err.

We review OAH decisions to determine whether "'(1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) OAH's conclusions flow rationally from its findings of fact.'" *Wood v. Dep't of Consumer and Regul. Affs.*, 293 A.3d 163, 167 (D.C. 2023) (quoting *Rodriguez v. Filene's Basement Inc.*, 905 A.2d 177, 180 (D.C. 2006)). We defer to OAH's findings of fact so long as they are supported by substantial evidence. *Minshall v. Dep't of Consumer and Regul. Affs.*, 184 A.3d 352, 355 (D.C. 2018). "Substantial evidence is more than a mere scintilla[,]" as there must be relevant evidence sufficient for a reasonable mind to accept OAH's conclusions. *Gilmore v. Atl. Servs. Grp.*, 17 A.3d 558, 562 (D.C. 2011) (quoting *Rodriguez*, 905 A.2d at 181). We will sustain OAH's legal conclusions unless they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C. Code § 2-510(a)(3)(A); *Rodriguez*, 905 A.2d at 181.

DOB is empowered to "issue all necessary notices or orders to ensure compliance with" the Building Code. 12-A D.C.M.R. § 104.3. DOB is also authorized to "ensure compliance with . . . notices or orders" issued pursuant to the Building Code. *Id.* at § 113.3. After DOB issues an order to correct, "any person directly affected or aggrieved in a materially adverse manner" by the order may appeal to OAH. *Id.* at § 112.2 (emphasis removed). Appeals "shall specify the specific provisions of the Construction Codes, or the rules legally adopted thereunder," that the petitioner alleges were "incorrectly interpreted or applied." *Id.* (emphasis removed). If the petitioner alleges that "an equally good or better form of construction can be used," they must "provide evidence to support [such] an allegation." *Id.* (emphasis removed). Enforcement of an order to correct is stayed during the pendency of the appeal. *Id.* at § 112.6. If an order is not complied with, DOB may request that OAG institute "the appropriate proceedings at law or in equity to prosecute, restraint, correct, or abate a violation." *Id.* at § 113.3.1.

Here, 4022 LLC argued before OAH that the December OTC was invalid because it was not directed at the Owners. Specifically, 4022 LLC argued that it is incapable of legally complying with the December OTC absent the cooperation of the Owners because the Owners are "indispensable parties without whom complete relief can[not] be afforded." According to 4022 LLC, this infirmity renders the December OTC illegal, invalid, and unenforceable. OAH determined that 4022

LLC's "challenges are issues that cannot be decided by this court" because the arguments fail to comport with the grounds for appeal set forth in the municipal regulations.

4022 LLC has renewed this argument before us on appeal. Specifically, 4022 LLC argues that it cannot perform the repairs ordered in the December OTC because it is not the owner of the Property and thus cannot obtain the necessary permits. 4022 LLC argues that this renders the December OTC "utterly inconsistent with the true intent of the code because it requires actions from 4022 LLC that the code prohibits." The LLC further argues that the December OTC is facially invalid "because it is self-evident that an agency may not order an entity to take an action the entity is legally unable to perform."

4022 LLC has never explicitly posited that the December OTC misinterprets or misapplies a specific provision of the Building Code. Indeed, 4022 LLC conceded during oral argument that its notice of appeal did not specify the provision of the Building Code that the December OTC allegedly misapplied or misinterpreted. We conclude that 4022 LLC's failure to identify a specific provision of the Building Code constitutes a failure to comply with the criteria for appeals under Section 112.2.

Although never explicitly articulated before this court, 4022 LLC's legal theory could be interpreted to include an argument that the December OTC misinterprets the Building Code's requirement that a property owner or its agent obtain required work permits. *See* 12-A D.C.M.R. § 105.1 ("[A]n owner or authorized agent who intends to [engage in enumerated construction activities] shall first make application to the code official and obtain the required permit(s) relevant to the intended work . . . ." (emphasis removed)). However, even if we construed 4022 LLC's appeal as encompassing this argument, the LLC does not explain why it is legally impossible for it to secure a permit to remediate the violations named in the December OTC. While 4022 LLC will certainly need to secure the cooperation of the Owners to obtain the necessary permits, that fact does not render compliance with the December OTC impossible. It is evident that most parties receiving an order to correct from DOB will need to secure a permit to carry out the required work. DOB is empowered to issue orders to correct "violations or infractions" of the Code. *Id.* at § 104.3. The Building Code requires permits for a wide swath of construction activity.[4] In light of the broad scope of the permitting requirement, it is axiomatic that many orders to correct will necessitate permitted work. One does

---

[4] *See id.* at § 105.1 (requiring permits for, inter alia, construction, alteration, repair, and demolition of structures; installation, alteration, repair, and removal of electrical, gas, mechanical, and plumbing systems; installation of cranes "or other hoisting devices"; movement or redesignation of lot lines; and "[u]ndertak[ing] any other activity regulated" by the Building Code).

not need to be an architectural engineering expert to reach this conclusion.  As there is no guarantee that a permit will be granted, *see id.* at § 105.5 (identifying grounds for denial of a permit application), any order to correct requiring permitted work is subject to the contingency of the permitting process.  This contingency does not render compliance with such an order to correct legally impossible.

The fact that the December OTC is directed at entities that do not own the Property does not alter this reality.  4022 LLC does not cite, nor are we aware of, any Building Code provision that prohibits assigning an order to correct to an entity that does not own the relevant property.  Rather, the Building Code specifically contemplates orders to correct being directed to non-owners who are responsible for the violation giving rise to such an order.  *See id.* at § 113.5.5 (notices of violations and orders, including orders to correct, "shall be served on the owner, operator, occupant, . . . or other person responsible for the unlawful act or condition"). Furthermore, the Building Code specifically contemplates non-owners securing work permits.  *See id.* at § 105.1 (enabling "authorized agent[s]" of property owners who "intend[ ] to undertake" building projects or "to cause any such work to be done" to apply for permits).  4022 LLC's inability to secure permits is thus not a legal impossibility; rather, it is a logistical challenge.

The necessity of cooperation between recipients of orders to correct and third parties is manifest. For example, if the owner of a townhouse receives an order to correct a structural violation of the Building Code, the owner will almost certainly need to hire a contractor to complete the work. This hypothetical order to correct would not be rendered invalid if DOB failed to name a third party with which the owner will need to cooperate. To be sure, in the instant case, the cooperation of the Owners is required to secure the relevant permits. However, any difficulty in securing that cooperation necessarily occurred after the December OTC was issued and thus does not impugn DOB's interpretation of the Building Code or the December OTC's validity *ab initio*.

Nevertheless, 4022 LLC argues that the Owners are "necessary parties" to the December OTC. 4022 LLC predicates this argument on Superior Court Rule of Civil Procedure 19. *See* Super. Ct. Civ. R. 19 ("A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if [certain requirements are met]."). We are unaware of any basis for applying the Superior Court's joinder rule to an order to correct issued by DOB, nor does 4022 LLC cite to any such authority. Furthermore, as noted above, the Building Code specifically contemplates non-owners "responsible for the unlawful act or condition" receiving orders to correct. *See* 12-A D.C.M.R. § 113.5.5. As discussed below, OAH properly found that 4022 LLC is responsible

for correcting the violations reported at the Property. Consequently, we reject this argument.

4022 LLC also contends that the Final Order is arbitrary and capricious because OAH failed to consider that the LLC's "ability to comply with the [December OTC is] in the subjective hands of" the Owners. Specifically, the LLC argues that OAH's failure "to consider [this] important aspect of the problem" is grounds to find the agency action invalid.[5] *See Wilson v. D.C. Rental Housing Comm'n* 159 A.3d 1211, 1214 (D.C. 2017) (indicating failure to consider an important aspect of a problem as grounds for finding agency action arbitrary and capricious). 4022 LLC is wrong. OAH explicitly considered the LLC's argument when it found that the Owners were unwilling to allow 4022 LLC to move forward with permitting.[6] As previously established, the LLC takes issue with a factual

---

[5] 4022 LLC also argues that OAH's consideration of this issue was so cursory as to "effectively amount[ ] to no judicial review at all." The LLC adds no flesh to the bones of this argument; it presents no case law to support the proposition, nor does it explain why OAH's process did not amount to judicial review of the issue. Therefore, we need not consider this putative challenge. *See DC Appleseed Ctr. for Law and Just., Inc. v. D.C. Dep't of Ins.*, 214 A.3d 978, 990 (D.C. 2019) ("Where a party generally raises an issue on appeal without supporting argument, we deem [the issue] abandoned." (quoting *Graham v. United States*, 12 A.3d 1159, 1167 n.10 (D.C. 2011))).

[6] In the Final Order, OAH found that 4022 LLC submitted a proposed engineering plan to the Owners in January 2022. OAH further found that the Owners did not approve said plan based on concerns about the involvement of DVI and a desire to secure additional commitments from 4022 LLC. While 4022 LLC

development that arose after the December OTC's issuance and thus does not impugn the order's validity. In any event, consideration of this issue has no bearing on whether 4022 LLC's appeal complied with the requirements of Section 112.2. As OAH properly found that it could not decide the issues put forth by 4022 LLC on appeal, there was no need to consider whether the Owners were improperly empowered to gatekeep the LLC's compliance with the December OTC.

For the foregoing reasons, we hold that OAH did not err when it found that the challenges in 4022 LLC's appeal failed to meet the regulatory criteria for appeals.

### B.      OAH's Reliance on the Property Maintenance Code

We next determine whether OAH's reliance on the Property Maintenance Code constituted reversible error. We conclude that it did not.

4022 LLC argues that OAH's reliance on the District's Property Maintenance Code in the Final Order constitutes reversible error. When reviewing administrative orders, we may invoke the rule of prejudicial error, under which "reversal and remand [are] required only if substantial doubt exists whether the agency would have made the same ultimate finding with the error removed." *Wright v. Office of Wage*

---

characterized these requests as "demands," OAH described them as part of a negotiation between parties.

*Hour*, 301 A.3d 660, 676 (D.C. 2023) (quoting *Arthur v. D.C. Nurses' Examining Bd.*, 459 A.2d 141, 146 (D.C. 1983)); *see also* D.C. Code § 2-510(b) ("In reviewing administrative orders and decisions, . . . [t]he Court may invoke the rule of prejudicial error.").

DOB argues that 4022 LLC has forfeited this argument because the LLC did not raise it in its opening brief. 4022 LLC first raised the argument in its reply brief. We may apply the forfeiture doctrine "where an appellant makes an argument for the first time in a reply brief or at oral argument" as their opponent is denied "a fair opportunity to respond" to the new argument. *Buitrago v. D.C. Dep't of Emp. Servs.*, 320 A.3d 332, 337-38 (D.C. 2024). As it is appropriate to invoke the forfeiture doctrine here, we need not consider 4022 LLC's putative argument that OAH erred when it drew on the Property Maintenance Code.

Even if 4022 LLC had not forfeited this argument, it would nevertheless fail. The provision of the Property Maintenance Code cited by OAH reads as follows: "An appeal shall be based on a claim that the true intent of this code has been incorrectly interpreted, the provisions of the code do not fully apply, or the requirements of this code are adequately satisfied by other means." 12-G D.C.M.R.

§ 107.7 (2008).[7]  This language is substantively similar to that of Section 112.2 of the Building Code:

> The appeal shall specify the specific provisions of the Construction Codes, or the rules legally adopted thereunder, that the appeal alleges [was] incorrectly interpreted or applied and shall provide evidence to support an allegation, if part of the appeal, that an equally good or better form of construction can be used.

12-A D.C.M.R. § 112.2.  OAH affirmed the December OTC on the basis that 4022 LLC did not state which provision of law was incorrectly interpreted or applied or that the requirements of the regulatory scheme could be adequately satisfied by other means.  This determination is appropriate under the correct legal standard.[8]  *See Martin v. Santorini Cap., LLC*, 236 A.3d 386, 396 (D.C. 2020) ("[W]e are not limited to reviewing the legal adequacy of the grounds the trial court relied on for its ruling; if there is an alternative basis that dictates the same result, a correct judgment must be affirmed on appeal." (quoting *Kerrigan v. Britches of Georgetowne, Inc.*, 705 A.2d 624, 628 (D.C. 1997))).  Accordingly, there is no

---

[7] OAH included this language in its order and the quoted language is clearly drawn from Section 107.7.  However, OAH cited to "12 G DCMR 170.8."  Such a provision does not exist.

[8] Section 107.7 of the Property Maintenance Code is arguably more permissive than Section 112.2 of the Building Code; the former allows for appeals predicated on arguments that "the provisions of the code do not fully apply," which the latter code does not allow.  A finding that 4022 LLC's appeal did not meet the criteria of the more permissive Section 107.7 is a strong indication that the appeal does not meet the more stringent requirements of Section 112.2.

substantial doubt that OAH would have made the same ultimate finding with the error removed. OAH's error was therefore not prejudicial.

For the foregoing reasons, we hold that OAH's reliance on the Property Maintenance Code did not constitute reversible error.

## C. OAH's Finding that 4022 LLC was Responsible for the Violations Giving Rise to the December OTC

We conclude by assessing whether OAH erred when it found 4022 LLC was the entity responsible for the violations giving rise to the December OTC. We hold that OAH did not err.

In the Final Order, OAH found that when 4022 LLC appealed the December OTC, it admitted "that it was still obligated to fix the structural elements of the Property" pursuant to the Condominium Act. OAH also found that the LLC "concede[d] that it [was] responsible for making the repairs pursuant to" the Condominium Act. At the Evidentiary Hearing, Steven Sushner, the manager of 4022 LLC prior to its bankruptcy, testified that the LLC took steps to remediate violations at the Property because "there were warranty obligations." Mr. Sushner explained that "[u]nder the Condominium Act . . . for a certain period of time after units and common elements are sold, the [selling] entity is required to

address . . . structural concerns." Mr. Sushner also agreed that 4022 LLC was under "continuing obligations towards [the Property] at the time" the December OTC was issued.

As Mr. Sushner testified, District law requires sellers of condominiums to warrant against structural defects. Under the D.C. Code, sellers "shall warrant against structural defects in [each sold unit] for [two] years from the date each unit is first conveyed to a bona fide purchaser." D.C. Code § 42-1903.16(b). The purchase agreements with which 4022 LLC sold units to the Owners affirmatively state that the LLC "shall warrant the Unit against structural defects (as defined in Section 42-1903.16 of the Condominium Act) for two years after the date of conveyance."[9] The testimony of Mr. Sushner coupled with the language in the purchase agreement constituted sufficient evidence for a reasonable mind to accept OAH's finding that 4022 LLC conceded responsibility for making the repairs put forth in the December OTC. Furthermore, OAH could have made this finding based on the language of Section 42-1903.16(b) alone. Accordingly, substantial evidence supports OAH's finding. We therefore hold that OAH did not err when it found

---

[9] In its reply brief, 4022 LLC contends that "the warranty itself is not even in the record." It is not clear if the LLC is referring to the warranty contained in the above-cited purchase agreements. In any event, the purchase agreements were admitted into evidence at the Evidentiary Hearing without objection.

4022 LLC was the entity responsible for the violations giving rise to the December OTC.

### III.   Conclusion

For the foregoing reasons, we affirm OAH's order.

*So ordered.*